UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIFFANY LOPEZ, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                      Case No: 2:12-cv-683-FtM-38UAM

RIB CITY ESTERO, INC., a Florida profit
corporation, and PAUL D. PEDEN, and
CRAIG D. PEDEN, individually,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice (Doc. 49) filed on August 27, 2013. The parties are requesting that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons explained below, the Court recommends that the parties' motion be **GRANTED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to

recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff worked as a server for Defendants at their Estero, Florida location from April 2012 through October 2012. Plaintiff was represented by counsel throughout this litigation. The parties have agreed to settle this matter. Under the settlement agreement, Plaintiff will receive $5,833.33 and Opt-In Plaintiff will receive $2,333.33, in consideration of their underlying claims for alleged unpaid back wages, minimum wages, tips, overtime wages, and liquidated damages.

The parties have agreed to pay counsel for Plaintiff and Opt-In Plaintiff $10,153.34, which constitutes $10,140.00 in attorney's fees and $13.34 in costs. (*See* Doc. 51). The parties negotiated the amount of attorneys' fees independently of the amount of Plaintiff and Opt-In Plaintiff's recovery. (Doc. 49 p. 5). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for

the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. Here, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiff or Opt-In Plaintiff. The General Release and Settlement Agreement (Doc. 49-1) appears reasonable on its face. For these reasons, the Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

That the parties' Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice (Doc. 49) be **GRANTED** and the General Release and Settlement Agreement (Doc. 49-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 22, 2013.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties